

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

ARS PHARMACEUTICALS
OPERATIONS, INC.,

Plaintiff,

v.

APTARGROUP, INC.,

Defendant.

Case No.:  25-cv-2571-BJC-VET

**ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS OR TRANSFER**

**[ECF No. 33]**

Pending before the Court is Defendant AptarGroup, Inc.'s ("Defendant") motion to dismiss or transfer.  Plaintiff ARS Pharmaceuticals Operations, Inc. ("Plaintiff") opposes the motion.  After a thorough review of the parties' submissions, and for the reasons discussed below, the Court GRANTS Defendant's motion in part.

## BACKGROUND

Plaintiff, a biopharmaceutical company specializing in treatment of severe allergic reactions, whose product neffy is "a single-dose emergency-use intranasal drug-device combination product that administers epinephrine through a nasal spray."  ECF No. 1 ¶ 2. Neffy consists of epinephrine-filled glass micro vials "sealed with a rubber plunger, and assembled into an intranasal unit dose sprayer system."  *Id.* ¶ 4.  Plaintiff relies on third-

1

party manufacturing organizations, including Defendant, to manufacture and supply the components. *Id*. Defendant supplies two components of neffy: (1) the emergency-use single-dose intranasal spray and (2) the rubber plunger used to seal the epinephrine in the micro vials. *Id*. ¶ 6.

On March 25, 2025, Defendant, together with Aptar Frances SAS, filed a complaint in the Southern District of New York, *AptarGroup, Inc. v. ARS Pharms., Inc.*, 25-cv-2545 (S.D.N.Y. Mar. 27, 2025), against Plaintiff and ARS Pharmaceuticals, Inc., asserting claims for violation of the Defend Trade Secrets Act, misappropriation of trade secrets, and breach of contract. ECF No. 33-4 at 2. On September 29, 2025, Plaintiff filed a complaint in this court against Defendant, asserting claims for violations of the Sherman Act and the Clayton Act. ECF No. 1.

Defendant filed the instant motion on December 16, 2025. ECF No. 33. Plaintiff filed a response on January 27, 2026, and Plaintiff filed a reply on February 27, 2026.

## DISCUSSION

Defendant moves to dismiss this case pursuant to the first-to-file rule or, in the alternative, to transfer it under either the first-to-file rule or 28 U.S.C. § 1404(a). Defendant further moves to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I. First-to-File

Defendant argues the parties in both the New York case and the instant case are substantially similar because both parties to the California case are parties to the New York case. ECF No. 33-1. Additionally, Defendant contends the two additional parties present in the New York case are a subsidiary of Defendant and the parent company of Plaintiff. *Id*. at 20.[1] Defendant further argues the issues in both cases are substantially similar. *Id*. at 21-24. Specifically, Defendant argues both cases seek opposing findings of liability

---

[1] The pages numbers refer to those generated by the Court's CM/ECF system.

based on the same events, namely, the development and regulatory approval of neffy, and Plaintiff's solicitation of a second supplier to replace Defendant's nasal spray system with an interchangeable device. *Id*. at 21-22. Defendant maintains, in the New York case, it alleges the events give rise to claims against Plaintiff for theft of trade secrets and breach of contract by improperly aiding a second supplier, and in the instant case, the same events give rise to antitrust violations for thwarting a second supplier. *Id*. Defendants further contend Plaintiff admitted the substantial similarity of the issues in its motion to dismiss the New York Case by arguing that Defendant's trade secret case is an antitrust case in disguise. *Id*. at 22. Additionally, Defendant contends Plaintiff's complaint cites to or quotes from Defendant's New York complaint fifteen times. *Id*. at 22-24. Because Defendant's affirmative claims in the New York Case are defenses to Plaintiff's claims in this case, Defendant argues both cases require the determination of whether Plaintiff misappropriated Defendant's trade secrets. *Id*. at 24.

Plaintiff agrees the two cases involve the same parties and relate to Plaintiff's neffy product. ECF No. 36 at 15. However, Plaintiff argues the cases address different conduct, seek different relief, and resolution of either case will have no effect on the other. *Id*. at 16. Plaintiff contends the New York case turns on whether Plaintiff disclosed Defendant's trade secrets, whether those trade secrets were publicly disclosed in Defendant's now-expired patents, and the scope of the confidentiality agreements between the parties and their affiliates. *Id*. The present case, Plaintiff contends, challenges Defendant's policy conditioning Plaintiff's ability to obtain the rubber plungers on Plaintiff also purchasing single-dose intranasal spray systems from Defendant, which enables Defendant to maintain its monopoly. *Id*. at 16-17. Plaintiff argues that any finding that Plaintiff improperly shared Defendant's trade secrets will have no bearing on whether Defendant's sales policies violate antitrust laws and vice versa. *Id*. at 17. Plaintiff further argues the confidentiality agreements at issue in the New York case are not implicated in the present case, and any remedy afforded in the New York case will not redress Plaintiff's injury for which it seeks recovery here. *Id*. Plaintiff also contends that the allegations central to the present case

25-cv-2571-BJC-VET

occurred after Defendant filed the New York case, and do not arise out of the same agreement or the same factual allegations. *Id*. at 18.

Additionally, Plaintiff contends whether it misappropriated Defendant's trade secrets has no legal bearing on whether Defendant was justified in imposing its exclusionary scheme to maintain its monopoly. *Id*. at 19. Even assuming that facts relevant to the New York case are relevant to its defenses here, Plaintiff argues the overlap is insufficient to justify application of the first-to-file rule. *Id*. Plaintiff further argues application of the first-to-file rule would not promote efficient judicial administration because the cases require different evidence, party witnesses, and expert testimony. *Id*. 19-20.

In reply, Defendant argues Plaintiff misstates the legal standard, disregards unfavorable precedent, and ignores the ways in which the two cases factually overlap. ECF No. 39 at 8. Defendant contends the first-to-file rule does not require total uniformity of claims, there are many areas of factual overlap between the two cases, and the two cases will impact each other. *Id*. at 9-10.

## A. Legal Standard

The "first-to-file," rule is "a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). The purpose of the doctrine is to promote judicial efficiency, and it should not be taken lightly. *Church of Scientology v. United States Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979). The first-to-file "rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys., Inc.*, 678 F.2d at 95. When determining whether to apply the first-to-file rule, courts consider three factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991); *Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir.

25-cv-2571-BJC-VET

2015).  "The issues in both cases also need not be identical, only substantially similar." *Kohn L. Grp*, 787 F.3d at 1240.  "To determine whether two suits involve substantially similar issues, we look at whether there is 'substantial overlap' between the two suits." *Id*. (citing *Harris Cnty., Tex. v. CarMax Auto Superstores Inc.*, 177 F.3d 306, 319 (5th Cir. 1999)).

**B.  Analysis**

Here, Plaintiff does not dispute that Defendant's action filed in the Southern District of New York was filed first or that the two cases involve similar parties.  As such, the Court will address the only disputed factor, the similarity of the issues.

A review of the complaint filed by Defendant in the Southern District of New York seeks relief for breach of contract and trade secret misappropriation. ECF No. 33-4 ¶ 7. Defendant alleges Plaintiff misappropriated Defendant's trade secrets and unlawfully provided them to another supplier to allow it to replicate Defendant's nasal spray delivery system.  *Id*. ¶¶ 9, 12, 14, 46, 186, 190, 199, 202, 204, 211, 223, 228, 252.  Defendant further alleges its trade secrets were disclosed to Plaintiff and, without the trade secrets, it would be impossible for a competitor to create a delivery system comparable to Defendant's.  *Id*. ¶¶ 47, 193, 210, 219, 222, 226.  As a result, Defendant contends it has suffered financial and reputational damage.  *Id*.  ¶¶ 261-264.

In the instant complaint, Plaintiff alleges Defendant is "the self-described monopoly supplier of single-dose intranasal spray systems for emergency-use applications."  ECF No. 1  8, 49, 51.  Plaintiff worked with a third-party supplier to obtain FDA approval of an alternative nasal spray system for use in neffy.  *Id*.  However, Plaintiff alleges it is unable to develop an alternative supplier for the rubber plungers the FDA approved for neffy.  *Id*. ¶¶ 9, 54, 58.  In response to Plaintiff's efforts to obtain competitive alternatives to Defendant's nasal spray system, Plaintiff alleges Defendant adopted new policies that conditioned Plaintiff's ability to obtain rubber plungers from Defendant on Plaintiff purchasing the nasal spray system from Defendant.  *Id*. ¶¶ 10, 12, 64, 71.  Plaintiff further alleges Defendant's conduct serves only to maintain its dominant market position and

5

avoid competition. *Id*. ¶ 76. Plaintiff also alleges it has and continues to be injured by the reduction in competition. *Id*. ¶ 81.

The two actions assert different claims. However, the facts underlying the claims are substantially similar. Both actions address the parties' conduct surrounding the supply of the components for Plaintiff's product neffy. In the New York case, Defendant asserts Plaintiff misappropriated and disclosed Defendant's confidential and trade secret information to a third party to create a nasal delivery system to compete with Defendant. In this action, Plaintiff asserts Defendant's conduct in response to Plaintiff's attempts to seek a third-party supplier for one of the neffy components amounts to improper tying and monopolization. Plaintiff contends Defendant's conduct giving rise to this case occurred after Defendant filed the New York action. However, Plaintiff itself argues, in its motion to dismiss the New York case, that the New York case is not about trade secrets but is about Defendant's attempt to maintain its monopoly. ECF No. 33-5 at 8-31. Thus, Plaintiff recognizes that Defendant's conduct giving rise to the instant action is relevant to and overlaps with the issues in the New York case. Additionally, the complaint here references the complaint in the New York case multiple times, demonstrating an overlap of issues that will result in duplication of efforts regarding discovery, and pretrial and dispositive issues. The Court finds transferring the instant action will eliminate the duplicative efforts to resolve the issues central to both cases.

## II. Remaining Grounds for Relief

Because the Court finds the action should be transferred under the first-to-file rule, the Court will not address Defendant's remaining grounds for relief.

## CONCLUSION

Based on the foregoing, the Court GRANTS Defendant's motion to dismiss or

///

///

///

///

6

25-cv-2571-BJC-VET

transfer the action under first-to-file rule in part. The Clerk of Court shall transfer this action to the Southern District of New York.

**IT IS SO ORDERED**.

Dated:  July 17, 2026

Honorable Benjamin J. Cheeks
United States District Judge

25-cv-2571-BJC-VET